1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  KYLE A. LEWIS, State Bar No. 201041
   Supervising Deputy Attorney General
3  JULIET LOMPA, State Bar No. 140980
   Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
5    Telephone:  (415) 510-3365
     Fax:  (415) 703-5843
6    E-mail:  Juliet.Lompa@doj.ca.gov
   *Attorneys for Defendants Mule Creek State*
7  *Prison, State of California, and Macomber*

   Joshua H. Haffner, SBN 188652
     jhh@haffnerlawyers.com
   Trevor Weinberg, SBN 330778
     tw@haffnerlawyers.com
   HAFFNER LAW PC
   15260 Ventura Blvd., Suite 1520
   Sherman Oaks, California 91403
   Tel: (213) 514-5681
   Fax: (213) 514-5682

   *Attorneys for Plaintiff Simona McLean*

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | SIMONA MCLEAN, an individual,

12 |        Plaintiff,

13 | vs.

14 | MULE CREEK STATE PRISON, et. al.,

15 |        Defendants.

Case No.: 2:24-cv-03088-DC-SCR

**REVISED [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER, AS MODIFIED BY THE COURT**

Action Filed: November 7, 2024

### 1.  GOOD CAUSE STATEMENT

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section

1

12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The types of information that the parties may seek to protect under this protective order include, but are not limited to, (1) confidential information, not otherwise publicly available, regarding investigation and evaluation by the California Department of Corrections and Rehabilitation (CDCR) of the suicide death of Mule Creek State Prison (MCSP) incarcerated person Demetrius McLean (Decedent) on March 22, 2024, involving the Decedent and Defendants; (2) confidential records from the c-file of Decedent; (3) personnel files of Defendant(s), including but not limited to disciplinary records, performance reviews, and training records; (4) confidential policies, practices, and procedures of MCSP and CDCR, if any, pertaining to housing of incarcerated persons who present with suicide risk; (5) confidential training materials of MCSP and CDCR, if any, pertaining to housing of incarcerated persons who present with suicide risk; and (6) the personal identifying and financial information of the Defendant(s) or any non-party staff, inmates, or other persons.  A protective order is necessary for the following particularized reasons:  (1) to protect confidential information contained in the above documents, (2) to protect Defendants' and non-party's privacy, and (3) to protect the safety of inmates and security of prisons within the California Department of Corrections and Rehabilitation and the safety of the general public.  The above identified categories of information, if accessed by or distributed to persons not subject to a protective order, could be used to influence or hinder operations, investigations, or activities within CDCR or other law enforcement agencies, or could be used to the detriment of CDCR staff and their families, witnesses, incarcerated persons, or members of the public.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2

The parties agree that personal identifying information of current or former CDCR employees (including Defendant(s)), including but not limited to birthdates, social security numbers, home addresses, drivers' license numbers, home telephone numbers, and identifying information of confidential informants, if any, will be redacted. In addition, medical information of non-parties, if any, will be redacted.

The parties agree that this listing is prospective only and that it should not be taken as a representation by any party to this stipulation that responsive documents exist in any specified category or will be produced.

Accordingly, Plaintiff and Defendants hereby stipulate to and petition the court to enter the following Stipulated Proposed Protective Order. The parties acknowledge that this Stipulated Proposed Protective Order does not entitle them to file confidential information under seal and that the local rules set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.[1]

2.3    Counsel:  Counsel of Record for the parties and the support staff for such counsel.

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

---

[1] Magistrate Judge Riordan added the phrase "and as specified above in the Good Cause Statement" here to clarify the boundaries of "Confidential" information under this Protective Order.

3

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). Documents labelled "CONFIDENTIAL" cannot be viewed by Parties, subject to disclosure rules below.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Party: any party to this action, including all of its officers, guardian ad litem, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Protected material includes documents identified as "Confidential" or "Confidential – Attorneys Eyes Only" prior to the date of executing this protective order.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.** **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.** **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other

5

1   portions of the material, documents, items, or communications for which protection is not

2   warranted are not swept unjustifiably within the ambit of this Order.

3        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

4   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

5   encumber or retard the case development process or to impose unnecessary expenses and burdens

6   on other parties) expose the Designating Party to sanctions.

7        If it comes to a Designating Party's attention that information or items that it designated for

8   protection do not qualify for protection at all or do not qualify for the level of protection initially

9   asserted, that Designating Party must promptly notify all other parties that it is withdrawing the

10   mistaken designation.

11        5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or

12   as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

13   under this Order must be clearly so designated before the material is disclosed or produced.

14        Designation in conformity with this Order requires:

15        (a) for information in documentary form (e.g., paper or electronic documents, but excluding

16   transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

17   legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page

18   that contains protected material. If only a portion or portions of the material on a page qualifies

19   for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

20   making appropriate markings in the margins) and must specify, for each portion, the level of

21   protection being asserted.  A Party or Non-Party that makes original documents or materials

22   available for inspection need not designate them for protection until after the inspecting Party has

23   indicated which material it would like copied and produced. During the inspection and before the

24   designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL

25   – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

26   copied and produced, the Producing Party must determine which documents, or portions thereof,

27   qualify for protection under this Order. Then, before producing the specified documents, the

28   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL –

6

ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days from receipt of the deposition transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time, including designations of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Unless a prompt challenge to a Designating Party's

7

1    confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

2    economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

3    right to challenge a confidentiality designation by electing not to mount a challenge promptly

4    after the original designation is disclosed.

5        6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process

6    by providing written notice of each designation it is challenging and describing the basis for each

7    challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

8    recite that the challenge to confidentiality is being made in accordance with this specific

9    paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good

10    faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of

11    communication are not sufficient) within 14 days of the date of service of notice. In conferring,

12    the Challenging Party must explain the basis for its belief that the confidentiality designation was

13    not proper and must give the Designating Party an opportunity to review the designated material,

14    to reconsider the circumstances, and, if no change in designation is offered, to explain the basis

15    for the chosen designation. A Challenging Party may proceed to the next stage of the challenge

16    process only if it has engaged in this meet and confer process first or establishes that the

17    Designating Party is unwilling to participate in the meet and confer process in a timely manner.

18        6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court

19    intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21

20    days of the parties agreeing that the meet and confer process will not resolve their dispute.  Each

21    such motion must be accompanied by a competent declaration affirming that the movant has

22    complied with the meet and confer requirements imposed in the preceding paragraph. The parties

23    may agree to extend the time to file a motion.  Failure by the Designating Party to make such a

24    motion including the required declaration within the time specified shall automatically waive the

25    confidentiality designation for each challenged designation; however, the Designating Party can

26    be relieved of any such waiver by the Court for good cause shown. In addition, the Challenging

27    Party may file a motion challenging a confidentiality designation at any time if there is good

28    cause for doing so, including a challenge to the designation of a deposition transcript or any

1    portions thereof. Any motion brought pursuant to this provision must be accompanied by a

2    competent declaration affirming that the movant has complied with the meet and confer

3    requirements imposed by the preceding paragraph.

4          The burden of persuasion in any such challenge proceeding shall be on the Designating

5    Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

6    unnecessary expenses and burdens on other parties) may expose the Challenging Party to

7    sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

8    file a motion to retain confidentiality as described above, all parties shall continue to afford the

9    material in question the level of protection to which it is entitled under the Producing Party's

10    designation until the court rules on the challenge.

11         **7.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

12         7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

13    produced by another Party or by a Non-Party in connection with this case only for prosecuting,

14    defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

15    the categories of persons and under the conditions described in this Order. When the litigation has

16    been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

17    DISPOSITION).

18         Protected Material must be stored and maintained by a Receiving Party at a location and in

19    a secure manner that ensures that access is limited to the persons authorized under this Order.

20         7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by

21    the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

22    information or item designated "CONFIDENTIAL" only to:

23         (a) the Receiving Party's Counsel of Record in this action, as well as employees of said

24    Counsel of Record to whom it is reasonably necessary to disclose the information for this

25    litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

26    attached hereto as Exhibit A;

27

28

9

1    (b) the officers, directors, and employees of the Receiving Party to whom disclosure is

2    reasonably necessary for this litigation and who have signed the "Acknowledgment and

3    Agreement to Be Bound" (Exhibit A);

4    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

5    reasonably necessary for this litigation and who have signed the "Acknowledgment and

6    Agreement to Be Bound" (Exhibit A);

7    (d) the court and its personnel;

8    (e) court reporters and their staff, professional jury or trial consultants, and Professional

9    Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

10   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

11   (f) during their depositions, witnesses in the action to whom disclosure is reasonably

12   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

13   unless otherwise agreed by the Designating Party or ordered by the court**.** Pages of transcribed

14   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

15   bound by the court reporter and may not be disclosed to anyone except as permitted under this

16   Stipulated Proposed Protective Order.

17   (g) the author or recipient of a document containing the information or a custodian or other

18   person who otherwise possessed or knew the information.

19   (h) Plaintiff's counsel shall be permitted to show Plaintiff any statements made by decedent

20   McLean, regardless of whether such statements are designated "CONFIDENTIAL" pursuant to

21   the following conditions: 1) that the Confidential information and documents be first redacted of

22   first names of staff and other personal information and of entire names and CDCR numbers of

23   non-party incarcerated persons; and 2) that counsel will not permit Plaintiff to possess a copy of

24   any Confidential information and documents.

25   7.3    Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

26   Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

27   Receiving Party may disclose any information or item designated "CONFIDENTIAL –

28   ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(f) Plaintiff's counsel shall be permitted to show Plaintiff any statements made by decedent McLean, regardless of whether such statements are designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the following conditions: 1) that the Confidential information and documents be first redacted of first names of staff and other personal information and of entire names and CDCR numbers of non-party incarcerated persons; and 2) that counsel will not permit Plaintiff to possess a copy of any Confidential information and documents.

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Party shall:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this

11

1    Protective Order. Such notification shall include a copy of this Stipulated Proposed Protective

2    Order; and

3        (c) cooperate with respect to all reasonable procedures sought to be pursued by the

4    Designating Party whose Protected Material may be affected.

5        If the Designating Party timely seeks a protective order, the Party served with the subpoena

6    or court order shall not produce any information designated in this action as "CONFIDENTIAL"

7    or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from

8    which the subpoena or order issued, unless the Party has obtained the Designating Party's

9    permission. The Designating Party shall bear the burden and expense of seeking protection in that

10   court of its confidential material – and nothing in these provisions should be construed as

11   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

12   another court.

13   **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED**

14   **IN THIS LITIGATION**

15       (a)    The terms of this Order are applicable to information produced by a Non-Party in this

16   action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

17   ONLY". Such information produced by Non-Parties in connection with this litigation is protected

18   by the remedies and relief provided by this Order. Nothing in these provisions should be

19   construed as prohibiting a Non-Party from seeking additional protections.

20       (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-

21   Party's confidential information in its possession, and the Party is subject to an agreement with

22   the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

23       1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of

24   the information requested is subject to a confidentiality agreement with a Non-Party;

25       2.    promptly provide the Non-Party with a copy of the Stipulated Proposed Protective

26   Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

27   the information requested; and

28       3.    make the information requested available for inspection by the Non-Party.

1    (c)    If the Non-Party fails to object or seek a protective order from this court within 14

2  days of receiving the notice and accompanying information, the Receiving Party may produce the

3  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

4  seeks a protective order, the Receiving Party shall not produce any information in its possession

5  or control that is subject to the confidentiality agreement with the Non-Party before a

6  determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

7  burden and expense of seeking protection in this court of its Protected Material.

8        **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

10  Material to any person or in any circumstance not authorized under this Stipulated Proposed

11  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

12  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of

13  the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

14  made of all the terms of this Order, and (d) request such person or persons to execute the

15  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

16        **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

17  **PROTECTED MATERIAL**

18        When a Producing Party gives notice to Receiving Parties that certain inadvertently

19  produced material is subject to a claim of privilege or other protection, the obligations of the

20  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

21  provision is not intended to modify whatever procedure may be established in an e-discovery

22  order that provides for production without prior privilege review. Pursuant to Federal Rule of

23  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

24  communication or information covered by the attorney-client privilege or work product

25  protection, the parties may incorporate their agreement in the stipulated proposed protective order

26  submitted to the court.

27  / / /

28  / / /

**12.  MISCELLANEOUS**

12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future up to the time of final disposition of this action. No challenge to the confidentiality of material shall be made by a party hereto after final disposition. (Section 4, DURATION).

12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Proposed Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action or any other action or proceeding any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the local rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

**13.  FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

14

consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Nothing in this Order shall be construed as limiting in any way the California Department of Corrections and Rehabilitation (CDCR) from utilizing any material designated or produced under this Order in its normal or usual course of operations.

IT IS SO STIPULATED, THROUGH COUNSEL.

Dated:  May 15, 2025

ROB BONTA
Attorney General of California
KYLE A. LEWIS
Supervising Deputy Attorney General

*/s/ JULIET LOMPA*
JULIET LOMPA
Deputy Attorney General

Dated:  May 15, 2025                    HAFFNER LAW PC

*/s/ TREVOR WEINBERG*
Joshua H. Haffner
Trevor Weinberg

## CIVIL LOCAL RULE 5-1(h)(3) ATTESTATION

As required by Local Rule 5-1(i)(3), I, Juliet Lompa, attest that I obtained concurrence in the filing of this document from all signatories and that I have maintained records to support this concurrence.

Dated: 5-15-25                    */s/ Juliet Lompa*_____
                                  Juliet Lompa

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: May 22, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

15

1
2
3
4
5
<u>EXHIBIT A</u>

6
<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

7    I, _____ [print or type full name], of_____

8  [print or type full address], declare under penalty of perjury that I have read in its entirety and

9  understand the Stipulated Protective Order that was issued by the United States District Court for

10  the Eastern District of California on _____ (date) in the case of MCLEAN V. MULE

11  CREEK STATE PRISON, ET. AL, CASE NO. 2:24-cv-03088-DC-SCR.  I agree to comply with and to

12  be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

13  that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

14  I solemnly promise that I will not disclose in any manner any information or item that is subject

15  to this Stipulated Protective Order to any person or entity except in strict compliance with the

16  provisions of this Order.

17    I further agree to submit to the jurisdiction of the United States District Court for the

18  Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

19  Order, even if such enforcement proceedings occur after termination of this action.

20    I hereby appoint _____ [print or type full name] of

21  _____ [print or type full address and telephone number] as my

22  California agent for service of process in connection with this action or any proceedings related to

23  enforcement of this Stipulated Protective Order.

24  Date: _____

25  City and State where sworn and signed: _____

26  Printed name: _____[printed name]

27  Signature: _____[signature]

28

16